The Honorable Doug Wood State Representative Post Office Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This is in response to your request for an opinion regarding the constitutionality of our current public school system. Your question is as follows:
 Our Constitution provides that the State shall maintain a general, suitable and efficient system of free schools. Our current organizational system of public school education provides for support to fragmented school districts numbering 329 as of this year. The aid provided to school children in each of these districts is oftentimes disproportionate to that being provided others. I would like your opinion on whether or not our system complies with the Arkansas Constitution.
The recent history of our school finance system must be initially considered in response to your inquiry. The system embodied in Act 1100 of 1979 and 1004 of 1975 was declared unconstitutional in the case of DuPree v. Alma School Dist. No. 30, 279 Ark. 340,651 S.W.2d 90 (1983). The current system, contained in Act 34 of the First Extraordinary Session of 1983, as amended (A.C.A. 6-20-301, et seq.) was enacted as a means of implementing a constitutional system of school finance for Arkansas schools, in response to the Supreme Court's mandate that the state financing system be altered to provide greater equalization among districts. DuPree v. Alma,279 Ark. at 346.
We cannot conclude that the fragmented nature of the districts and the existence of varying amounts of aid necessarily reflect a constitutionally deficient finance system. The current revised system must be presumed constitutional, particularly in the absence of a showing that the system bears no rational relationship to the educational needs of the individual districts. See, generally, DuPree v. Alma, supra. I am aware of no such challenge to the current system. We must in this instance cite to the presumption of constitutionality that attends each legislative enactment. The Arkansas Supreme Court has expressed this presumption as follows:
 In approaching every question pertaining to the constitutionality of an act of the legislative branch, the judiciary must always keep certain basic principles in mind, all of which are essential to the welfare of the checks and balances provided by the American tripartite system of government. The first of these is that the legislature's power is limited only by the state and federal constitutions. (Citations omitted.) The next is that a presumption of constitutionality attends every such act. (Citations omitted.) All doubt must be resolved in favor of constitutionality. (Citations omitted.) Another principle is that if it is possible for the courts to so construe an act that it meets the test of constitutionality, they not only may, but should and will, do so. (Citations omitted.) Another way of stating this elementary rule is that every reasonable construction must be resorted to in order to save the statute from unconstitutionality. (Citations omitted.)
Stone v. State, 254 Ark. 1011, 1013, 498 S.W.2d 634 (1973)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.